(32 Misc. Rep. 453.)

## PEOPLE ex rel. BRANT v. SUPERINTENDENT OF HOUSE OF GOOD SHEPHERD.

(Supreme Court, Special Term, New York County.    September, 1900.)

DISSOLUTE WOMEN—COMMITMENT TO REFORMATORY—CONSTRUCTION OF STATUTE.

> The words "who professes a desire to reform and has not been an inmate of the penitentiary" qualify the word "prostitute," as well as the words "of intemperate habits," in Consol. Act, § 1466, subd. 1, providing that when a female shall be brought before a committing magistrate, and it shall be proved to his satisfaction that she "is a prostitute, or is of intemperate habits and who professes a desire to reform and has not been an inmate of the penitentiary," he may commit her to a reformatory.

Writs of habeas corpus and certiorari, on the relation of Mary Brant, against the superintendent of the House of the Good Shepherd. Relatrix discharged.

H. T. Marston, for relatrix.

Asa Bird Gardiner, Dist. Atty., for respondent.

ANDREWS, J.    The relatrix was arrested by a policeman on the 5th day of May, 1900, after 10 o'clock in the evening, while she was on a public thoroughfare, namely, at Second avenue and East Tenth street, in this city. She was brought before a city magistrate on May 6th, and was charged by the policeman with disorderly conduct, in having been engaged in soliciting men for the purpose of prostitution, at the time of her arrest. A hearing was had before the magistrate, who took the evidence of the policeman in support of the charge, and committed the relatrix to the custody of the respondent for the term of six months. The commitment is made out on a printed form, and contains a recital of the said charge, and that after an examination the magistrate adjudged that the charge was true, and also a recital that the relatrix "did profess a desire to reform, and had not been an inmate of the penitentiary." The matter coming on to be heard before me on writs of habeas corpus and certiorari, and the returns made thereto, the last-named recital was stricken from the commitment by consent of the district attorney and of the counsel for the relatrix, it being agreed by them that no evidence was submitted to the magistrate which warranted those findings. The sole question, therefore, now presented for adjudication, is whether, in the absence of such evidence and such findings, the magistrate had authority of law for committing the relatrix to the custody of the respondent. I am of the opinion that he did not have such authority, and my reasons for such opinion are as follows:

The commitment was made under chapter 410 of the Laws of 1882, as amended by chapter 353 of the Laws of 1886, which is embodied in section 1466 of the consolidation act, and which was continued in force by section 668 of the Greater New York charter (Laws 1897, c. 378). The first subdivision of said section 1466 provides as follows:

"Whenever any female over the age of twelve years shall be brought by the police, or shall voluntarily come before a committing magistrate, in the

city of New York, and it shall be proved to the satisfaction of such magistrate by the confession of such female, or by competent testimony, that such female [first] is found in a reputed house of prostitution or assignation; or in company with, or frequenting the company of thieves or prostitutes, or is found associating with vicious or dissolute persons; or is willfully disobedient to parent or guardian, and is in danger of becoming morally depraved; or [second] is a prostitute, or is of intemperate habits and who professes a desire to reform and has not been an inmate of the penitentiary, such magistrate may judge that it is for the welfare of such female that she be placed in a reformatory, and may thereupon commit such female to one of the following reformatory institutions, viz.," etc.

The point to be decided depends upon the question whether the words "and who professes a desire to reform and has not been an inmate of the penitentiary" qualify and restrict the application of the word "prostitute," or the words "is of intemperate habits," only. The learned district attorney claims that the comma, which appears in the statute after the word "prostitute," limits the description "of that particular character, and that all that follows pertains to another described character, viz. one of intemperate habits." I am unable to agree with this grammatical argument. The punctuation is sometimes important in ascertaining the meaning of a statute, but the many draftsmen of bills which become statutes, and copyists and printers, as well as other persons, are notoriously careless and inaccurate in the use of punctuation marks; and the plain meaning of a statute is not to be destroyed or changed because some one has carelessly inserted or left out a comma. Many persons of the greatest ability and highest education use very few punctuation marks in their writings, leaving it to copyists and printers to insert the most of them according to their own ideas of what is proper. The clause of the section under consideration is awkwardly constructed, because of the unnecessary introduction of the relative pronoun "who"; and, according to well-settled rules of grammar, whatever may be the meaning of the clause in question, a comma ought to have been inserted after the word "habits." But the meaning of the clause seems to me to be so plain that it cannot be changed by the presence or absence of one or more commas. The section in question provides for but two classes of females: First, for those found in reputed houses of prostitution or assignation, or in company with, or frequenting the company of, thieves or prostitutes, or found associated with vicious or dissolute persons, although they themselves may not have become prostitutes or thieves or vicious or dissolute persons. The object, of course, in such cases, is, by placing young and inexperienced girls under a mild restraint and good influences, to prevent them from going wholly to the bad. This is a preventive remedy, not reformatory. The second class provided for is those who have become "prostitutes" or "of intemperate habits," and profess a desire to reform, and have not been inmates of the penitentiary. This is a reformatory remedy, not a preventive one. Provision having been made to restrain young girls so that they should not become prostitutes, thieves, or drunkards, an attempt was made, by the use of the same mild restraint, under good influences, to reform some of the

women who have already become prostitutes or drunkards; a wise provision being inserted in the statute,—that the two classes should be kept separate. The ability of the respondent and similar institutions to care for women of these two classes is limited, and the promoters of the law, and the legislature itself, doubtless knew that it would be idle to authorize the police, in their discretion, to bring many thousands of the prostitutes and drunken women who are to be found in New York City before a magistrate, and impose upon him the duty of determining what few out of the vast number should be committed to the respondent and similar reformatory institutions. It was accordingly enacted that, of the prostitutes and women "of intemperate habits," those only who should profess a desire to reform, and have not been inmates of the penitentiary, should be so committed; thus limiting the number to those in whose cases there should be a reasonable hope of securing a reformation, instead of crowding such institutions to their utmost capacity with hardened women, who have no desire to reform, and upon whom, having been committed against their wills, the beneficent care and influences of the institutions would probably be wasted. It would seem that the views above expressed have, to some extent or at some time, been held by committing magistrates; for, as above stated, the printed blank upon which the commitment of the relatrix was made out originally contained the words "did profess a desire to reform and had not been an inmate of the penitentiary." It follows that the writs must be sustained and the relatrix discharged.

Writs sustained and relatrix discharged.